

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. B. M. Whiteacre
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-2112
Re: H. B. 205, 46th Legislature - City
Marshals.

Your request for opinion upon the following questions:

"1. Would the county be liable under H. B. 205 for one-half of the fees of a city marshal of Whitesboro who makes arrests and files his cases in the justice of peace court of that precinct?

"2. Would the above named city marshal be allowed to collect and retain the same fees as sheriffs or constables in misdemeanor cases filed by him in the justice of peace court when the defendant pays his fine and costs upon conviction?

has been received and carefully considered by this department.

H. B. 205 of the 46th Legislature of Texas reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

out on the county roads or on any county pro-
ject. And to pay such half of costs, the County
Clerk shall issue his warrant on the County
Treasurer in favor of such officer to be paid out
of the Road and Bridge Fund or other funds not
otherwise appropriated. As amended Acts 1937,
45th Leg., p. 1323, ch. 488, §1; Acts 1939, 46th
Leg., p. 143, §1."

City marshals are peace officers. Article 36, Code
of Criminal Procedure provides as follows:

"The following are 'peace officers': The
sheriff and his deputies, constable, the
marshal, or policeman of an incorporated town
or city, the officers, non-commissioned offi-
cers and privates of the State Ranger force,
and any private person specially appointed to
execute criminal process."

Article 1067, Code of Criminal Procedure, reads as
follows:

"Constables, marshals or other peace offi-
cers who execute process and perform services
for justices in criminal actions, shall receive
the same fees allowed to sheriffs for the same
services."

As a peace officer, a city marshal may file such
cases as come within the scope of his authority in any court
having jurisdiction thereof. His duties and powers are
variously defined in Articles 999 and 1147, Revised Civil
Statutes.

It is fundamental that peace officers are entitled
to collect fees only for services performed. If the city
marshal files a case in justice court and performs services
he is entitled to the same fees as the sheriff or constable
would be entitled to for performing similar services.

5337

        You are therefore respectfully advised that it
is the opinion of this department that your questions
should be answered in the affirmative, and they are so
answered.

                        Very truly yours

                    ATTORNEY GENERAL OF TEXAS

                By      *Wm. J. Fanning*

                        Wm. J. Fanning
                        Assistant

WJF:AW


            APPROVEDAPR 1, 1940

            ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY